FILED
08/20/2024
Terry Halpin
CLERK
Yellowstone County District Court
STATE OF MONTANA
By: Ronda Duncan
DV-56-2024-0000786-BF
Fehr, Jessica
2.00

Thomas L. Mahlen, Jr.
MAHLEN LAW FIRM, P.C.
PO BOX 80470
BILLINGS, MT 59108
(406) 652-1011
tmahlen@hglaw.net

*Attorneys for Plaintiffs Mark and Marsha Qualman*

MONTANA THIRTEENTH JUDICIAL DISTRICT COURT, YELLOWSTONE COUNTY

| | |
|---|---|
| MARK QUALMAN AND MARSHA QUALMAN, *Plaintiffs,*<br><br>vs.<br><br>AMERICAN STRATEGIC INSURANCE CORP., PROGRESSIVE CASUALTY INSURANCE COMPANY, PROGRESSIVE SPECIALTY INSURANCE COMPANY, AND AMELIA CASEY, *Defendants.* | Cause No.: DV-56-2024-786-BF<br>Judge: Jessica T. Fehr<br><br>FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL |

COMES NOW Plaintiffs, Mark and Marsha Qualman and for her Complaint against Defendants allege and state:

1. This action arises out pre-claims handling false and misleading presentations made by Defendants to incentivize Plaintiffs to purchase insurance products from Defendants, as well as Defendants' illegal handling of property damage to Plaintiffs' insured home resulting from broken pipes that distributed at least 400 gallons of water throughout parts of the home including the kitchen, destroying several parts of the home. Defendants have refused to pay for reasonable costs of repair and other damages incurred by Plaintiffs, forcing Plaintiffs to retain counsel and file this action.

2. Plaintiffs, Mark and Marsha Qualman, are citizens of Billings, Yellowstone County, Montana. They are the owners of a residential, owner-occupied home located at 2042 Avenue C, Billings, Montana.

3. Defendants American Strategic Insurance Corp. ("ASI"), Progressive Casualty Insurance Company, and Progressive Specialty Insurance Company are for-profit insurance companies under the regulation of the State of Montana, and "insurers" for the purposes of M.C.A. Sec. 33-18-201, et seq.

4. Defendant, Ameilia Casey, is an individual who, upon information and belief, provided claims handling and coverage work, including illegal refusal to pay insured damages and costs, and acted in bad faith within the scope set forth by *O'Fallon v. Farmers Ins. Exch.* (1993), 260 Mont. 233, 859 P.2d 1008, consistent with M.C.A. Sec. 33-18-201, *et seq.*

5. Defendants' wrongful conduct occurred in Yellowstone County.

6. Jurisdiction and venue are appropriate in this Court.

## FACTS COMMON TO ALL COUNTS

7. Plaintiffs incorporates all prior allegations by reference.

8. Plaintiffs procured a policy of insurance issued by Defendants to cover Plaintiffs' home. In making the decision to purchase the policy, Plaintiffs reasonably relied upon representations contained in the policy including, but not limited to, the following:

    a. The policy provided $340,000.00 for "Dwelling Coverage."

    b. The policy provided $68,000.00 for "Loss of Use."

    c. The policy was referred to as a "Homeowners Protection Policy."

    d. "We cover . . . [t]he dwelling on the 'residence premises', used mainly as your private residence, shown on the Declarations . . . if damage to the dwelling is caused by a covered loss."

  e. "If a loss by a Peril Insured Against causes the 'residence premises' to become uninhabitable, we will cover any necessary increase in living expenses you incur to maintain your normal household standard of living."

  f. "We insure for sudden and accidental direct physical loss to property described in Coverages A and B."

9. Additionally, the policy included the following provisions specific to "[f]reezing of plumbing":

We insure for sudden and accidental direct physical loss to property described in Coverages A and B.  However, we do not insure for loss:
\* \* \*
3. Caused by:
  a. Freezing of a plumbing, heating, air conditioning, or automatic fire protective sprinkler system or of a household appliance, or by discharge, leakage or overflow from within the system or appliance caused by freezing. ***This exclusion does not apply if you have used reasonable care to:***

   ***(1) Maintain heat in the building;***
   ***(2) Shut off the water supply and drain all systems and appliances of water.***

10. In January 2024, temperatures in Billings, Montana dropped over 40 degrees from daily highs and lows, respectively, of 37 and 18 degrees Fahrenheit on January 9, to -8 and -26 degrees Fahrenheit on January 13, 2024, and lows below zero continuing to January 19, 2024.

11. During this period of time, Plaintiffs used reasonable care to maintain heat in the home.

12. On or about January 19, 2024, pipes burst at Plaintiffs' home resulting in over 400 gallons of water distributed in the home.

13. This event occurred through no fault of Plaintiffs.

14. The home received extensive damage from this event, specifically including but not limited to extensive throughout the kitchen requiring extensive remediation and repair.

15. The home has not been habitable since the damage, as Plaintiffs have either resided outside of the home or have tried to make do with a temporary kitchen as depicted below:



16. Plaintiffs timely reported the claim.

17. Defendants, or one or some of them, issued a policy of insurance applicable to the home.

18. The policy of insurance covered the loss to Plaintiffs' home.

19. Despite this, Defendants have refused to pay for repairs to the home.

20. Repairs to the home, independent of Plaintiffs' other loss, will cost $55,815.48.

21. Defendants have made misrepresentations regarding the value of the repairs.

22. Defendants also made numerous representations throughout 2024 that the claim would be resolved soon.

23. The claim has not been resolved.

24. Defendant Amelia Casey refused to even communicate with Plaintiffs, let alone lawfully adjust and pay the claim.

25. Defendants' violation of Montana law and breach of the policy has caused significant delay and personal injury to Plaintiffs including emotional distress.

### COUNT I
### (Declaratory Judgment)

26. Plaintiffs incorporate all prior allegations here by reference.

27. Plaintiffs issued Policy Number MTA17766, with a policy period of 10/26/2023-10/26/2024 which included coverage for Plaintiffs' home.

28. The policy provided coverage for damages to Plaintiffs' house caused by burst pipes during extreme cold weather that occurred in Billings, Montana in January 2024.

29. Despite being provided with information regarding this loss and the costs to repair and remediate this loss, Defendants have refused to pay repair costs totaling $55,810.00.

30. In violation of Montana law, Defendants have failed to pay repair costs and other covered loss under the policy, and have failed to unequivocally confirm coverage exists for this loss.

31. By reason of the foregoing, a declaratory judgment is both necessary and proper to set forth and determine the rights, obligations and liabilities which exist as to Defendants' insurance policy.

32. Additionally, as Plaintiffs should not have been forced to hire a lawyer or file this action in order to simply obtain the benefit of Defendants' insurance policy, Plaintiffs are

entitled to supplemental relief as contemplated by M.C.A. § 27-8-313 including but not limited to an equitable and just reasonable attorneys fees and costs consistent with the Insurance Exception to the American Rule, M.C.A. § 27-8-311, and Montana cases such as *Trustees of Indiana University v. Buxbaum.*

## COUNT II
### (Breach of Contract)

33. Plaintiffs incorporate all prior allegations here by reference.

34. Pursuant to the Progressive insurance policy, Defendants were obligated to timely adjust and pay for repairs and remediation to Plaintiff's home.

35. Defendants have breached the terms of the policy by failing to timely pay for repairs and remediation of Plaintiff's home.

36. Defendants' breach of the insurance policy has caused damages to Plaintiffs in amounts and categories to be determined at trial.

## COUNT III
### (Fraud)

37. Plaintiffs incorporate all prior allegations here by reference.

38. On or about October 26, 2023, Defendants issued policy number MTA17766 and in that policy made representations including those set forth above.

39. For example, the Defendants represented that the policy provided $340,000.00 in coverage for Plaintiffs' dwelling, $68,000.00 in coverage for loss of use of property, and that it provided coverage for sudden and accidental property damage to Plaintiffs' house.

40. Defendants also engage in constant advertising intended to cause individuals, including Plaintiffs, to purchase insurance.

41. Plaintiffs relied upon these material representations contained in the policy in electing to purchase the policy, but were unaware that these representations were false.

42. Defendants, with knowledge that these representations were false, intended for Plaintiffs to rely upon these false representations in purchasing insurance.

43. Plaintiffs had a right to rely on these false representations, and have suffered injury as a result of these false representations.

44. Defendants are liable to Plaintiffs for damages caused by Defendants' fraudulent conduct and representations in amounts and categories to be determined at trial.

## COUNT IV
### (Violation of the Montana Unfair Trade Practices Act)

45. Plaintiffs incorporate all prior allegations here by reference.

46. Defendants owe duties to their insured, Plaintiffs, pursuant to the policy, Montana common law, and M.C.A. Sec. 33-18-201, et seq., Montana's Unfair Trade Practices Act ("MUTPA").

47. Defendants breached these duties through unreasonable delay, a failure to make reasonable offers so damages could be repaired, a failure to communicate with Plaintiffs, and a failure to timely and reasonably adjust and pay this claim.

48. Specifically, but not exclusively:

    a. Defendants misrepresented pertinent facts and insurance policy provisions relating to coverages at issue;

    b. Defendants refused to pay claims without conducting a reasonable investigation based upon all available information; and

    c. Defendants neglected to attempt in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;

49. Defendants are liable to Plaintiffs for violations of MUTPA which have caused damages and injuries to Plaintiffs in amounts and categories to be determined at trial.

## COUNT V
### (Punitive Damages)

50. Plaintiffs incorporate all prior allegations here by reference.

51. Through their actions described herein, Defendants acted with actual malice by having knowledge of facts, or intentionally disregarding facts, creating a high probability of injury to Plaintiffs.

52. Defendants deliberately acted in conscious or intentional disregard to the high probability of injury to Plaintiffs – i.e., they would suffer a significant loss if they accepted Defendants' offer of "a few hundred dollars", or they would incur extensive debt and interest to make repairs themselves and litigation-related expenses to receive what Defendants owe them under the policy and Montana law.

53. Defendants acted with indifference to the high probability of injury to Plaintiffs – i.e., they would suffer a significant loss if they accepted Defendants' unreasonably low offer, or they would incur extensive debt and interest to make repairs themselves and litigation-related expenses to receive what Defendants owe them under the policy and Montana law.

54. Defendants also acted with actual fraud, making false representations to Plaintiffs regarding the amount and scope of damage to Plaintiffs' home.

55. Defendants have concealed material facts that would illustrate and confirm that its representation to Plaintiff that he is entitled to "a few hundred dollars" is false.

56. As a result of Defendants' unlawful concealment, Plaintiff has suffered injury and has been deprived of legal rights and use of his property.

57. Plaintiffs are entitled to punitive damages for Defendants' fraudulent and malicious conduct.

WHEREFORE Plaintiffs demand judgment in his favor and against Defendants on all counts and all claims that includes:

1. Entry of judgment in favor of Plaintiffs and against Defendants on all claims.

2. For an award of all special and general damages permitted by law in amounts and categories to be determined at trial, including but not limited to personal injury damages for emotional distress caused by Defendants' breach of contract and violation of the Montana Unfair Trade Practices Act.

3. For an award of punitive damages.

4. For an award of attorneys fees and costs.

5. For interest.

6. For such other and further relief as the Court deems just and proper.

**PLAINTIFFS DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

DATED THIS 20th Day of August, 2024.

MAHLEN LAW FIRM, P.C.

/s/ Thomas L. Mahlen, Jr.
THOMAS L. MAHLEN, JR.